FILED
IN CLERK'S OFFICE
U.S. DIST... E.D.N.Y.

★ MAR 31 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 12-CR-61 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| KWAN MILLER, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decision making authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Between October 2010 and December 2011 defendant, together with others, purchased at least 5,000 stolen credit card numbers and manufactured credit cards containing fraudulent numbers. Federal Bureau of Investigation agents discovered that defendant possessed numerous stolen credit card numbers on his computer. He also made purchases, using his name and aliases, of specialized credit card software and various equipment used to make fraudulent credit cards. Defendant was arrested at his home in Hackensack, New Jersey, on December 20, 2011.

On February 14, 2013, having previously been convicted of access device fraud in violation of 18 U.S.C. § 1029(a)(5), defendant pled guilty to count one of a three-count indictment. Count one charges that, , the defendant violated 18 U.S.C. §§ 1029(b)(2) and 1029(c)(1)(B) when with the intent to defraud he conspired to: (1) produce, use, and traffick in one or more counterfeit access devices, specifically credit cards and credit card account numbers; (2) possess fifteen or more unauthorized access devices; and (3) produce, traffick in, and have control and custody of device making equipment and software, all in a manner affecting interstate and foreign commerce.

This court held that the total offense level is 21 and defendant's criminal history is category IV. The Guidelines range of imprisonment is between 57 and 71 months, and the fine range is $10,000 to $100,000. *See* U.S.S.G. § 5E1.2(c)(3) (2013). The maximum term of imprisonment is ten years, with a maximum fine of $1,265,169.78 (twice the amount of the loss). *See* 18 U.S.C. §§ 1029(b)(2),1029(c)(1)(B) and 18 U.S.C. § 3571(d).

Miller was sentenced to 50 months of incarceration and three years of supervised release. He must pay restitution in the amount of $632,584.89. *See* 18 U.S.C. § 3663A. A $100 special assessment was also imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future given the sizeable restitution order.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). An incarceration sentence within the guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Miller was involved in a conspiracy to commit access device fraud and has an extensive criminal history. He has devoted time to mentoring inner-city youth, however, and according to a youth director at a church in Brooklyn, defendant's guidance has helped many young men associated with gang activities make better choices for their future. Since February 2012, when he was released on bond, defendant has been gainfully employed and has abided by all the court-ordered conditions. He supports his family to the best of his ability.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and a prison term of fifty months. Specific deterrence has been substantially achieved. Defendant has expressed a genuine desire to refrain from criminal activity, pursue a lawful line of employment, and continue contributing to his community and family.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 14, 2014
       Brooklyn, New York

3